IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CNX GAS CORPORATION, and
CNX GAS COMPANY LLC
        Plaintiffs,
v.

05cv1574
ELECTRONICALLY FILED

CDX GAS, LLC, et al.
        Defendants.

## MEMORANDUM OPINION AND ORDER OF COURT RE: CROSS MOTIONS FOR PARTIAL SUMMARY JUDGMENT - - FINDING THAT THE ASSERTED CLAIMS OF THE PATENT-IN-SUIT ARE ENTITLED TO THE FILING DATE OF THE '000 PATENT

In their motion for partial summary judgment (doc. no. 131), plaintiffs and counter-defendant ("the Consol Entities") contend that the asserted claims of the six patents-in-suit are not entitled to the filing date of an earlier filed patent application of defendant CDX Gas, LLC ("CDX") which issued as U.S. Patent No. 6,280,000 ("the '000 Patent"). The '000 Patent is not one of the patents-in-suit.

The decision as to the proper filing date for the asserted claims is important since the filing date determines what constitutes prior art. The Consol Entities allege that CDX indisputably practiced the claimed invention more than one year prior to the filing date of a first patent-in-suit ('523 Patent). So, Consol Entities contends that patents-in-suit will fail, because of "invalidating prior art," if the patents-in-suit are not entitled to the earlier filing date of the '000 Patent.

The Consol Entities assert that defendant CDX can receive the benefit of the earlier filing date relating to the '000 Patent only if the "claims [of the patents-in-suit] that recite subject

matter adequately described in an earlier application [of the '000 Patent]," and said benefit "does not extend to claims with the subject matter outside the description of the earlier ['000 Patent] application." Studiengesellschaft Kohle M.B.H. v. Shell Oil Co., 112 F.3d 1561, 1564 (Fed. Cir. 1997). See 35 U.S.C. § 112 ("written description").

The Federal Circuit set forth the applicable test in Noelle v. Lederman, 355 F.3d 1343, 1348 (Fed. Cir. 2004) as follows: "[W]hether a person of ordinary skill in the art would recognize that the applicant possessed what is claimed in the later filed application as of the filing date of the earlier filed application."

The Consol Entities contend that, since the '000 Patent does not contain a description of any type of intersection other than an "enlarged diameter cavity," the claim term "junction," as construed by the claim construction determination (see doc. nos. 105 & 199) on the patents-in-suit, is not supported by the written description of the '000 Patent. At page 7 of their Memorandum in Support of their Motion for Partial Summary Judgment (doc. no. 132), the Consol Entities state as follows:

> As discussed in more detail below, the '000 Patent describes only one type of intersection - an offset well bore intersecting an enlarged diameter cavity formed in the vertical well. The '000 Patent provides no description of the term "junction" like the one appearing in the patents-in-suit; nor does the '000 Patent describe any concept of an intersection that is as broad as the one recently construed by this Court.

In response, and in its cross-motion for partial summary judgment, CDX contends that (1) the Consol Entities are attempting to re-argue the claim construction decision and (2) one of ordinary skill in the art would understand from the disclosure in the '000 Patent that the inventor possessed the inventions claimed in the asserted claims in the patents-in-suit on the filing date of

the application of the '000 Patent.  This Court agrees - - the asserted claims of the patents-in-suit are entitled to the earlier filing date of the '000 Patent.  The Court finds that the written disclosure of the '000 Patent, as well as the '000 Patent figures, provides sufficient descriptive support, as a matter of law, that the claim term "junction", in the patents-in-suit, as previously construed by this Court (see doc. no. 105 & 119), would be recognized by a person of ordinary skill in the art that the applicant possessed what is claimed in the asserted claims in the patents-in-suit as of the filing date of the '000 Patent.  It is not necessary that the exact same terms be used in the specification, so long as the parent '000 Patent application reasonably conveys to a person skilled in the art that the inventor had possession of the claimed invention as of the date of the parent application.  <u>All Dental Prodx, CLE v. Advantage Dental Products, Inc.</u>, 309 F. 3d 774 (Fed. Cir. 2002); <u>Lampi Corp. v. American Power Products, Inc.</u>, 228 F. 3d 1365 (Fed. Cir. 2000); <u>Eiselstein v. Frank</u>, 52 F.3d 1035 (Fed. Cir. 1995) (citing <u>Vas-Cath Inc. v. Mahurkar</u>, 935 F.2d 1555, 1563 (Fed. Cir. 1991)).  The patents-in-suit thus relate back to the original patent on this subject matter, the '000 Patent.

**SO ORDERED** this 20th day of February, 2007.

s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge