IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CNX GAS CORPORATION, and
CNX GAS COMPANY LLC
        Plaintiffs,                          05cv1574

        v.                              ELECTRONICALLY FILED

CDX GAS, LLC,
        Defendant,

        v.

CONSOL ENERGY, INC.,
        Counter-Defendant.

## PRELIMINARY JURY INSTRUCTIONS

MEMBERS OF THE JURY: NOW THAT YOU HAVE BEEN
SWORN, I WILL GIVE YOU SOME PRELIMINARY
INSTRUCTIONS TO GUIDE YOU IN YOUR PARTICIPATION IN
THE TRIAL.

### A.   INTRODUCTION

LADIES AND GENTLEMEN, THIS IS A PATENT CASE. THE
PLAINTIFFS IN THIS CASE ARE CNX GAS CORPORATION, CNX
GAS COMPANY LLC, AND CONSOL ENERGY, INC. I WILL
REFER TO THE PLAINTIFFS COLLECTIVELY AS "CONSOL."
THE DEFENDANT IN THIS CASE IS CDX GAS LLC. I WILL

REFER TO THE DEFENDANT AS "CDX."

THE CASE INVOLVES U.S. PATENT NOS. 6,357,523, 6,561,288, AND 6,964,298. THE PATENTS IN THIS CASE ARE OWNED BY CDX AND WILL BE REFERRED TO AS THE CDX PATENTS OR PATENTS-IN-SUIT. PATENTS ARE OFTEN REFERRED TO BY THEIR LAST THREE DIGITS. THUS, THE PATENTS MAY BE REFERRED TO AS THE '523, '288, AND '298 PATENTS.

THE CDX PATENTS RELATE TO METHODS AND SYSTEMS FOR REMOVING WATER AND METHANE GAS FROM A SUBTERRANEAN COAL SEAM PRIOR TO COAL MINING OPERATIONS. DURING TRIAL THE PARTIES WILL OFFER TESTIMONY TO FAMILIARIZE YOU WITH THIS TECHNOLOGY.

**B.** **WHAT A PATENT IS AND HOW ONE IS OBTAINED**

PATENTS ARE GRANTED BY THE UNITED STATES PATENT AND TRADEMARK OFFICE (SOMETIMES CALLED

"THE PTO"), WHICH IS PART OF OUR FEDERAL GOVERNMENT.
THE GOVERNMENT IS SPECIFICALLY AUTHORIZED BY THE
UNITED STATES CONSTITUTION TO ENACT PATENT LAWS
AND ISSUE PATENTS TO PROTECT INVENTIONS.  INVENTIONS
THAT ARE PROTECTED BY PATENTS MAY BE OF PRODUCTS,
COMPOSITIONS, OR OF METHODS FOR DOING SOMETHING,
OR FOR USING OR MAKING A PRODUCT OR COMPOSITION.

A VALID UNITED STATES PATENT GIVES THE PATENT
HOLDER THE RIGHT FOR UP TO 20 YEARS FROM THE DATE
THE PATENT APPLICATION WAS FILED, OR IN SOME CASES,
FOR 17 YEARS FROM THE DATE THE PATENT ISSUED, TO
PREVENT OTHERS FROM MAKING, USING, OFFERING TO
SELL, OR SELLING THE PATENTED INVENTION WITHIN THE
UNITED STATES, OR FROM IMPORTING IT INTO THE UNITED
STATES, WITHOUT THE PATENT HOLDER'S PERMISSION.

A PATENT INCLUDES A "SPECIFICATION" WHICH
CONTAINS A WRITTEN DESCRIPTION OF THE CLAIMED

INVENTION TELLING WHAT THE INVENTION IS, HOW IT
WORKS, HOW TO MAKE IT AND HOW TO USE IT SO OTHERS
SKILLED IN THE FIELD WILL KNOW HOW TO MAKE OR USE
IT. THE SPECIFICATION CONCLUDES WITH ONE OR MORE
NUMBERED SENTENCES. THESE ARE THE PATENT "CLAIMS."
THE CLAIMS DEFINE THE BOUNDARIES OF ITS PROTECTION
AND GIVE NOTICE TO THE PUBLIC OF THOSE BOUNDARIES.

### C. THE SIGNIFICANCE OF PATENT CLAIMS

THE CLAIMS OF THE PATENT ARE THE MAIN FOCUS OF
THIS CASE BECAUSE THE CLAIMS DEFINE THE PATENT
OWNER'S RIGHTS UNDER THE LAW. THAT IS, THE CLAIMS
DEFINE WHAT THE PATENT OWNER MAY EXCLUDE OTHERS
FROM DOING DURING THE TERM OF THE PATENT.

THE CLAIMS OF A PATENT SERVE TWO PURPOSES.
FIRST, THEY STATE THE BOUNDARIES OF THE INVENTION.
SECOND, THEY PROVIDE NOTICE TO THE PUBLIC OF THOSE
BOUNDARIES. IT IS THE CLAIMS THAT ARE AT ISSUE WHEN

THE VALIDITY OF A PATENT IS CHALLENGED.

IN THIS CASE, CDX IS ASSERTING THAT CONSOL HAS INFRINGED 5 CLAIMS, SPECIFICALLY CLAIMS 12 AND 16 OF THE '523 PATENT, CLAIMS 32 AND 41 OF THE '288 PATENT, AND CLAIM 41 OF THE '298 PATENT. THESE CLAIMS ARE LOCATED AT THE END OF THE RESPECTIVE PATENTS WHICH ARE IN YOUR EXHIBIT BINDER. ACCORDINGLY, DURING THE TRIAL, THE PARTIES WILL FOCUS ON THE INVENTION AS IT IS DESCRIBED BY THESE CLAIMS, AND YOU ARE TO DO THE SAME WHEN DECIDING AT THE END OF THE TRIAL HOW TO ANSWER THE QUESTIONS POSED TO YOU.

D.   **BURDEN OF PROOF**

THIS IS A CIVIL CASE. CONSOL IS THE PARTY THAT BROUGHT THIS LAWSUIT. CDX IS THE PARTY AGAINST WHICH THE LAWSUIT WAS FILED. CONSOL HAS THE BURDEN OF PROVING ITS CASE BY AN APPLICABLE STANDARD OF PROOF.

IN THIS CASE, CONSOL IS URGING THAT CDX'S PATENTS ARE INVALID. THE GRANTING OF A PATENT BY THE PATENT OFFICE CARRIES WITH IT THE PRESUMPTION THAT THE PATENT IS VALID. FROM ISSUANCE OF THE PATENT, IT IS PRESUMED THAT ITS SUBJECT MATTER IS NEW, USEFUL, AND CONSTITUTES AN ADVANCE WHICH WAS NOT, AT THE TIME THE INVENTION WAS MADE, OBVIOUS TO ONE OF ORDINARY SKILL IN THE ART. THE LAW PRESUMES, IN THE ABSENCE OF CLEAR AND CONVINCING EVIDENCE TO THE CONTRARY, THAT THE PATENT OFFICE ACTED CORRECTLY IN ISSUING THE PATENT.

THIS PRESUMPTION OF VALIDITY PUTS THE BURDEN OF PROVING INVALIDITY ON CONSOL. WHILE THIS PRESUMPTION CAN BE REBUTTED, THE BURDEN IS ON CONSOL TO DO SO, BY CLEAR AND CONVINCING EVIDENCE.

CLEAR AND CONVINCING EVIDENCE IS EVIDENCE THAT PRODUCES AN ABIDING CONVICTION THAT THE TRUTH OF

THE FACTUAL CONTENTION IS HIGHLY PROBABLE.  CLEAR

AND CONVINCING EVIDENCE INVOLVES A HIGHER DEGREE

OF PERSUASION THAN IS NECESSARY TO PROVE THAT A

FACT IS MORE LIKELY SO THAN NOT SO.

YOU MAY HAVE HEARD OF THE TERM "PROOF BEYOND

A REASONABLE DOUBT."  THAT IS A STRICTER STANDARD

OF PROOF AND IT APPLIES ONLY TO CRIMINAL CASES.  IT

DOES NOT APPLY IN CIVIL CASES SUCH AS THIS.  SO YOU

SHOULD PUT IT OUT OF YOUR MIND.


**E.    THE PARTIES' CONTENTIONS**

I WILL NOW BRIEFLY GIVE YOU SOME INFORMATION

ABOUT THE PARTIES' CONTENTIONS AND THE ISSUES THAT

WILL BE PRESENTED TO YOU AT THIS TRIAL AND THE LAW

THAT YOU MUST FOLLOW IN REACHING YOUR VERDICT.  I

WILL PROVIDE MORE DETAILS ABOUT PARTIES'

CONTENTIONS AND THE LEGAL REQUIREMENTS FOR THOSE

CONTENTIONS IN MY FINAL INSTRUCTIONS AT THE CLOSE

OF THE TRIAL.

THE PARTIES ARE CONSOL, THE PLAINTIFF, AND CDX,

THE DEFENDANT. CDX OWNS SEVERAL UNITED STATES

PATENTS, WHICH ARE AT ISSUE IN THIS TRIAL. CONSOL

CONTENDS THAT CDX'S PATENTS ARE INVALID. CDX

CONTENDS THAT ITS PATENTS ARE VALID. MORE

SPECIFICALLY, CONSOL CONTENDS THAT CDX'S PATENTS

ARE INVALID (A) BECAUSE THE INVENTION CLAIMED IN

THOSE PATENTS WERE IN PUBLIC USE PRIOR TO NOVEMBER

20, 1997 (I.E. ONE YEAR BEFORE THE NOVEMBER 20, 1998

FILING DATE OF THE PATENT APPLICATIONS) THAT

RESULTED IN CDX'S PATENTS, AND/OR (B) BECAUSE THE

INVENTION CLAIMED IN THOSE PATENTS WORKED FOR ITS

INTENDED PURPOSE (I.E. HAD BEEN REDUCED TO PRACTICE)

PRIOR TO NOVEMBER 20, 1997. CDX CONTENDS THAT ITS

PATENTS ARE VALID, BECAUSE CONSOL CANNOT MEET ITS

BURDEN OF SHOWING BY CLEAR AND CONVINCING
EVIDENCE THAT THE PATENTS ARE INVALID, ARGUING
THAT (A) ANY USE OF THE INVENTION CLAIMED IN ITS
PATENTS PRIOR TO NOVEMBER 20, 1997,  WAS PRIMARILY
EXPERIMENTAL, AND (B) SAID INVENTION HAD NOT
WORKED FOR ITS INTENDED PURPOSE (I.E. HAD NOT BEEN
REDUCED TO PRACTICE) PRIOR TO NOVEMBER 20, 1997.

### F.    ELEMENTS OF PROOF

PUBLIC USE

CONSOL CONTENDS THAT CDX'S PATENTS ARE INVALID
BECAUSE THE INVENTION WAS PUBLICLY USED IN THE
UNITED STATES MORE THAN ONE YEAR BEFORE THE
INVENTOR, JOE ZUPANICK, FILED HIS FIRST U.S. PATENT
APPLICATION ON NOVEMBER 20, 1998.

A PATENT IS INVALID IF THE INVENTION WAS PUBLICLY
USED IN THE UNITED STATES MORE THAN ONE YEAR
BEFORE THE PATENTEE FILED HIS PATENT APPLICATION.  IN

THIS CASE, MR. ZUPANICK'S FIRST PATENT APPLICATION WAS FILED ON NOVEMBER 20, 1998, SO THE RELEVANT DATE FOR DETERMINING PRIOR USE IS ONE YEAR PRIOR TO THAT DATE, NOVEMBER 20, 1997.

AN INVENTION IS PUBLICLY USED IF IT IS USED BY THE INVENTOR OR BY A PERSON NOT UNDER THE DIRECTION OF THE INVENTOR, WHO IS NOT UNDER ANY LIMITATION, RESTRICTION, OR OBLIGATION OF SECRECY TO THE INVENTOR.

EXPERIMENTAL USE

THE PUBLIC USE BY THE INVENTOR OR PATENT OWNER OF THE INVENTION WILL NOT INVALIDATE A PATENT, EVEN IF IT WAS MORE THAN ONE YEAR BEFORE THE FILING OF THE PATENT APPLICATION, IF THE PUBLIC USE WAS FOR EXPERIMENTAL RATHER THAN COMMERCIAL PURPOSES.

IN ORDER TO QUALIFY AS EXPERIMENTATION, THE PUBLIC USE MUST BE BY, OR FOR THE BENEFIT OF, THE

PATENT OWNER OR INVENTOR, AND MUST RELATE TO THE CLAIMED FEATURES OF THE INVENTION.  IT MUST ALSO BE FOR THE PURPOSES OF TECHNOLOGICAL DEVELOPMENT, NOT COMMERCIAL GAIN.  ANY COMMERCIAL GAIN THAT DOES OCCUR MUST BE MERELY INCIDENTAL TO THE PRIMARY PURPOSE OF EXPERIMENTATION.

IN THIS CASE, CDX ASSERTS THAT ANY USE OF THE DUAL WELL SYSTEMS CLAIMED IN ITS PATENTS PRIOR TO NOVEMBER 20, 1997 WAS EXPERIMENTAL AND, THEREFORE, DOES NOT INVALIDATE CDX'S PATENTS.  THE TEST FOR WHETHER PRE-CRITICAL DATE USE OF AN INVENTION RENDERS A PATENT INVALID INVOLVES AN ASSESSMENT OF WHETHER THE CIRCUMSTANCES SURROUNDING THE USE ESTABLISH THAT IT WAS PRIMARILY FOR PURPOSES OF EXPERIMENTATION.

THE FOLLOWING FACTORS THAT MAY BE CONSIDERED IN DETERMINING WHETHER A USE WAS PRIMARILY

EXPERIMENTAL:

1.    SECRECY

2.    THE DEGREE OF COMMERCIAL EXPLOITATION

3.    THE NECESSITY FOR PUBLIC TESTING (E.G. WHETHER THE NATURE OF THE INVENTION WAS SUCH THAT THE INVENTOR WAS REASONABLY REQUIRED TO CONDUCT TESTING IN PUBLIC, SUCH AS IN AN OUTDOOR ENVIRONMENT, AS OPPOSED TO INDOORS, OR IN A LABORATORY);

4.    THE AMOUNT OF CONTROL OVER THE EXPERIMENT RETAINED BY THE INVENTOR;

5.    THE NATURE OF THE INVENTION (E.G. WHETHER THE NATURE AND COMPLEXITY OF THE INVENTION WAS SUCH THAT IT REQUIRED TESTING);

6.    THE REASONABLENESS OF THE LENGTH OF THE TEST PERIOD;

7.    WHETHER PAYMENT WAS MADE FOR THE INVENTION DURING TESTING;

8.    WHETHER RECORDS OF THE EXPERIMENT WERE KEPT;

9.    WHO CONDUCTED THE EXPERIMENT (E.G. THE INVENTOR OR SOMEONE UNDER THE INVENTOR'S CONTROL,

AS OPPOSED TO A THIRD PARTY NOT UNDER THE
INVENTOR'S CONTROL);

10.  WHETHER THE INVENTION REASONABLY
REQUIRES EVALUATION UNDER ACTUAL CONDITIONS OF
USE;

11.  WHETHER TESTING WAS SYSTEMATICALLY
PERFORMED;

12.  WHETHER THE INVENTOR CONTINUALLY
MONITORED THE INVENTION DURING TESTING; AND

13.  THE NATURE OF THE CONTACTS MADE WITH
POTENTIAL CUSTOMERS.


## REDUCTION TO PRACTICE

AN INVENTION BEGINS WITH AN IDEA.  THIS REQUIRES

THE FORMATION OF A DEFINITE AND FIXED IDEA OF THE

COMPLETE AND OPERATIVE INVENTION WHICH WILL LATER

BE REDUCED TO PRACTICE.  THE INVENTOR MAY TEST THIS

CONCEPTION BY BUILDING ONE OR MORE PROTOTYPES.

REDUCTION TO PRACTICE IS ACHIEVED ONLY WHEN THE

INVENTION WORKS FOR ITS INTENDED PURPOSE IN ITS

INTENDED ENVIRONMENT.  THE REDUCTION TO PRACTICE

OF THE INVENTION THUS INCLUDES NOT ONLY THE

BUILDING OF SUCH A PROTOTYPE OR PROTOTYPES, BUT

ALSO SUFFICIENT TESTING OR EXPERIMENTATION TO

DEMONSTRATE THAT THE INVENTION WORKS FOR ITS

INTENDED PURPOSE.  THE EXPERIMENTAL USE DOCTRINE

OPERATES TO ALLOW THE INVENTOR TO REFINE HIS

INVENTION OR TO ASSESS ITS VALUE RELATIVE TO THE

TIME AND EXPENSE OF PROSECUTING A PATENT

APPLICATION.

ONCE AN INVENTION HAS BEEN REDUCED TO

PRACTICE, IT CAN NO LONGER MEET THE EXPERIMENTAL

USE EXCEPTION. THAT IS, "EXPERIMENTAL USE" ENDS ONCE

THE CLAIMED INVENTION HAS BEEN REDUCED TO

PRACTICE. THE INVENTION IS "REDUCED TO PRACTICE"

WHEN IT IS SUFFICIENTLY DEVELOPED TO SHOW THAT IT

WOULD WORK FOR ITS INTENDED PURPOSE.

AFTER AN INVENTION HAS BEEN SHOWN TO WORK FOR ITS INTENDED PURPOSE, FURTHER REFINEMENTS, MODIFICATIONS, OR IMPROVEMENTS DO NOT CONSTITUTE EXPERIMENTAL USE.

WHETHER THE INVENTION WORKED FOR ITS INTENDED PURPOSE IS AN OBJECTIVE INQUIRY NOT DETERMINED BY THE INVENTOR'S SUBJECTIVE BELIEFS. THAT IS, YOU ARE TO LOOK TO THE OBJECTIVE EVIDENCE TO DETERMINE WHETHER THE INVENTION WORKED FOR ITS INTENDED PURPOSE, NOT THE SUBJECTIVE BELIEF OR INTENT OF THE INVENTOR. OBJECTIVE EVIDENCE THAT SHOWS THE INVENTION WORKED FOR ITS INTENDED PURPOSE CANNOT BE NEGATED BY THE INVENTOR'S SUBJECTIVE BELIEF OR INTENT TO THE CONTRARY.

IF YOU FIND THAT PRIOR TO THE CRITICAL DATE THE INVENTION WORKED FOR ITS INTENDED PURPOSE, THEN

CDX'S PATENTS ARE INVALID.  IF YOU FIND THAT THE INVENTION DID NOT WORK FOR ITS INTENDED PURPOSE UNTIL AFTER THE CRITICAL DATE, THEN CDX'S PATENTS ARE VALID.

## G.    DUTY OF THE JURY

IT WILL BE YOUR DUTY TO FIND THE FACTS SOLELY FROM THE EVIDENCE PRESENTED.  YOU AND YOU ALONE ARE THE JUDGES OF THE FACTS.  YOU WILL THEN HAVE TO APPLY TO THOSE FACTS – THE LAW AS THE COURT WILL GIVE IT TO YOU.  YOU MUST FOLLOW THAT LAW WHETHER YOU AGREE WITH IT OR NOT.

NOTHING THE COURT MAY SAY OR DO DURING THE COURSE OF THE TRIAL IS INTENDED TO INDICATE, OR SHOULD BE TAKEN BY YOU AS INDICATING, WHAT YOUR VERDICT SHOULD BE.

## H.       EVIDENCE

THE EVIDENCE FROM WHICH YOU WILL FIND THE
FACTS CONSISTS OF THE TESTIMONY OF WITNESSES,
DOCUMENTS AND OTHER THINGS RECEIVED INTO THE
RECORD AS EXHIBITS, AND ANY FACTS THAT THE PARTIES
AGREE TO OR STIPULATE TO OR THAT THE COURT MAY
INSTRUCT YOU TO FIND.

CERTAIN THINGS ARE NOT EVIDENCE AND YOU MUST
NOT CONSIDER THEM. I WILL LIST THEM FOR YOU NOW:

1.      STATEMENTS, ARGUMENTS, AND QUESTIONS
MADE BY LAWYERS ARE NOT EVIDENCE.

2.      OBJECTIONS TO QUESTIONS ARE NOT
EVIDENCE. LAWYERS HAVE AN OBLIGATION
TO THEIR CLIENTS TO MAKE OBJECTIONS
WHEN THEY BELIEVE EVIDENCE BEING
OFFERED IS IMPROPER UNDER THE RULES OF
EVIDENCE. YOU SHOULD NOT BE INFLUENCED

BY THE OBJECTION OR BY THE COURT'S
RULING ON IT. IF THE OBJECTION IS
SUSTAINED, IGNORE THE QUESTION. IF IT IS
OVERRULED, TREAT THE ANSWER LIKE ANY
OTHER. IF YOU ARE INSTRUCTED THAT SOME
ITEM OF EVIDENCE IS RECEIVED FOR A
LIMITED PURPOSE ONLY, YOU MUST FOLLOW
THAT INSTRUCTION.

3.      TESTIMONY THAT THE COURT HAS EXCLUDED
OR TOLD YOU TO DISREGARD IS NOT
EVIDENCE AND MUST NOT BE CONSIDERED.

4.      ANYTHING YOU MAY HAVE SEEN OR HEARD
OUTSIDE THE COURTROOM IS NOT EVIDENCE
AND MUST BE DISREGARDED. YOU ARE TO
DECIDE THE CASE SOLELY ON THE EVIDENCE
PRESENTED IN THIS COURTROOM.

THERE ARE TWO KINDS OF EVIDENCE: DIRECT AND

CIRCUMSTANTIAL. DIRECT EVIDENCE IS DIRECT PROOF OF

A FACT, SUCH AS TESTIMONY OF AN EYEWITNESS.

CIRCUMSTANTIAL EVIDENCE IS PROOF OF FACTS FROM

WHICH YOU MAY INFER OR CONCLUDE THAT OTHER FACTS

EXIST. I WILL GIVE YOU FURTHER INSTRUCTIONS ON THESE

AS WELL AS OTHER MATTERS AT THE END OF THE CASE,

BUT KEEP IN MIND THAT YOU MAY CONSIDER BOTH KINDS

OF EVIDENCE.

IT WILL BE UP TO YOU TO DECIDE WHICH WITNESSES

TO BELIEVE, WHICH WITNESSES NOT TO BELIEVE, AND HOW

MUCH OF ANY WITNESS'S TESTIMONY TO ACCEPT OR

REJECT. I WILL GIVE YOU SOME GUIDELINES FOR

DETERMINING THE CREDIBILITY OF WITNESSES AT THE END

OF THE CASE.

I.	**<u>EXPERT WITNESS INSTRUCTION</u>**

DURING THE COURSE OF THIS TRIAL YOU WILL HEAR

FROM "EXPERT WITNESSES." AN "EXPERT WITNESS" IS SOMEONE WHO MAY HAVE KNOWLEDGE IN SOME TECHNICAL, SCIENTIFIC, OR OTHER SPECIALIZED AREA. WHEN SUCH KNOWLEDGE OR EXPERIENCE MAY BE OF ASSISTANCE TO YOU IN UNDERSTANDING SOME OF THE EVIDENCE OR IN DETERMINING A FACT, AN "EXPERT WITNESS" IS PERMITTED TO STATE AN OPINION AS TO A MATTER IN WHICH HE OR SHE CLAIMS TO BE AN EXPERT.

MERELY BECAUSE SUCH A WITNESS HAS EXPRESSED AN OPINION, HOWEVER, DOES NOT MEAN YOU MUST ACCEPT THAT OPINION. THE SAME AS WITH ANY OTHER WITNESS, IT IS UP TO YOU TO DECIDE WHETHER TO RELY UPON IT, AND HOW MUCH WEIGHT TO GIVE IT.

### J. CONDUCT OF THE JURY

NOW, A FEW WORDS ABOUT YOUR CONDUCT AS JURORS.

FIRST, I INSTRUCT YOU THAT DURING THE TRIAL YOU ARE NOT TO DISCUSS THE CASE WITH ANYONE OR PERMIT ANYONE TO DISCUSS IT WITH YOU.  UNTIL YOU RETIRE TO THE JURY ROOM AT THE END OF THE CASE TO DELIBERATE ON YOUR VERDICT, YOU SIMPLY ARE NOT TO TALK ABOUT THIS CASE.

SECOND, DO NOT READ OR LISTEN TO ANYTHING TOUCHING ON THIS CASE IN ANY WAY.  IF ANYONE SHOULD TRY TO TALK TO YOU ABOUT IT, BRING IT TO THE COURT'S ATTENTION PROMPTLY.

THIRD, DO NOT TRY TO DO ANY INTERNET OR OTHER RESEARCH OR MAKE ANY INVESTIGATION ABOUT THE CASE ON YOUR OWN.

FINALLY, DO NOT FORM ANY OPINION UNTIL ALL THE EVIDENCE IS IN.  KEEP AN OPEN MIND UNTIL YOU START YOUR DELIBERATIONS AT THE END OF THE CASE.

IF YOU WISH, YOU MAY TAKE NOTES ON THE PAPER

PROVIDED IN YOUR EXHIBIT NOTEBOOKS.  IF YOU DECIDE

TO TAKE NOTES, BE CAREFUL NOT TO GET SO INVOLVED IN

NOTE TAKING THAT YOU BECOME DISTRACTED FROM THE

ONGOING PROCEEDINGS.  ADDITIONALLY, THERE MAY BE A

TENDENCY TO ATTACH UNDUE IMPORTANCE TO MATTERS

THAT ONE HAS WRITTEN DOWN; HOWEVER, SOME

TESTIMONY THAT IS CONSIDERED UNIMPORTANT AT THE

TIME PRESENTED, AND THUS NOT WRITTEN DOWN, MAY

TAKE ON GREATER IMPORTANCE LATER IN THE TRIAL IN

LIGHT OF ALL THE EVIDENCE PRESENTED.  THEREFORE, YOU

ARE INSTRUCTED THAT YOUR NOTES ARE ONLY A TOOL TO

AID YOUR OWN INDIVIDUAL MEMORY AND YOU SHOULD

NOT COMPARE YOUR NOTES WITH OTHER JURORS IN

DETERMINING THE CONTENT OF ANY TESTIMONY OR IN

EVALUATING THE IMPORTANCE OF ANY EVIDENCE.  YOUR

NOTES ARE NOT EVIDENCE, AND ARE BY NO MEANS A

COMPLETE OUTLINE OF THE PROCEEDINGS OR A LIST OF

THE HIGHLIGHTS OF THE TRIAL. ABOVE ALL, YOUR

MEMORY SHOULD BE YOUR GREATEST ASSET WHEN IT

COMES TIME TO DELIBERATE AND RENDER A DECISION IN

THIS CASE.

YOU MAY NOT TAKE YOUR NOTES OUTSIDE THE

COURTROOM. BEFORE YOU LEAVE THE COURTROOM FOR

ANY REASON, YOUR NOTES MUST BE LEFT IN THE JURY

ROOM. WHEN YOU LEAVE AT NIGHT, YOUR NOTES WILL BE

SECURED AND NOT READ BY ANYONE. AT THE END OF THE

TRIAL YOUR NOTES WILL BE COLLECTED AND DESTROYED.

NO ONE, NOT THE LAWYERS, MY STAFF, NEWSPAPER

REPORTERS, OR ME, WILL READ YOUR NOTES.

ADDITIONALLY, YOU ARE NOT PERMITTED TO ASK

QUESTIONS OF WITNESSES OR OF THE ATTORNEYS.

THEREFORE PLEASE DO NOT INTERRUPT THE LAWYERS

DURING THEIR EXAMINATION OF WITNESSES OR

OTHERWISE. IF, HOWEVER, YOU ARE UNABLE TO HEAR A

WITNESS OR A LAWYER PLEASE RAISE YOUR HAND AND THE COURT WILL SEE THAT THE SITUATION IS CORRECTED.

### K. **COURSE OF THE TRIAL**

THE TRIAL WILL NOW BEGIN. FIRST, THE PLAINTIFFS WILL MAKE AN OPENING STATEMENT, WHICH IS SIMPLY AN OUTLINE TO HELP YOU UNDERSTAND THE EVIDENCE AS IT COMES IN. NEXT, THE DEFENDANT'S ATTORNEY MAY, BUT DOES NOT HAVE TO, MAKE AN OPENING STATEMENT. REMEMBER THAT OPENING STATEMENTS ARE NOT EVIDENCE.

PLAINTIFFS WILL THEN PRESENT THEIR WITNESSES, AND COUNSEL FOR THE DEFENDANT MAY CROSS-EXAMINE THEM. FOLLOWING PLAINTIFFS' CASE, THE DEFENDANT MAY, IF THEY WISH, PRESENT WITNESSES WHOM THE PLAINTIFFS MAY CROSS-EXAMINE. AFTER ALL THE EVIDENCE IS IN, THE ATTORNEYS WILL PRESENT THEIR

CLOSING ARGUMENTS TO SUMMARIZE AND INTERPRET THE

EVIDENCE FOR YOU, AND THE COURT WILL INSTRUCT YOU

ON THE LAW. AFTER THAT YOU WILL RETIRE TO

DELIBERATE ON YOUR VERDICT, AND YOU WILL HAVE

AVAILABLE ALL OF THE EXHIBITS THAT WERE ADMITTED

DURING THE TRIAL; HOWEVER, A TRANSCRIPT OF THE TRIAL

TESTIMONY WILL NOT BE AVAILABLE TO YOU. THEREFORE,

PLEASE PAY CLOSE ATTENTION TO THE TESTIMONY THAT IS

ADMITTED DURING THE TRIAL.  YOUR  DELIBERATION AND

VERDICT WILL BE BASED ON YOUR COLLECTIVE

RECOLLECTION OF THAT TESTIMONY WITHOUT THE AID OF

A WRITTEN TRANSCRIPT.