IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CNX GAS CORPORATION, AND
CNX GAS COMPANY LLC
   PLAINTIFFS,    05CV1574
  V.        ELECTRONICALLY
           FILED

CDX GAS, LLC,
   DEFENDANT,

  V.

CONSOL ENERGY, INC.,
   COUNTER-DEFENDANT.


## FINAL JURY INSTRUCTIONS

**I.**   **GENERAL INSTRUCTIONS**.


NOW THAT YOU HAVE HEARD THE EVIDENCE AND THE
ARGUMENT, IT IS MY DUTY TO INSTRUCT YOU ON THE LAW.
INITIALLY, WE HAVE GIVEN YOU COPIES OF THE
SPECIAL VERDICT FORM ON WHICH YOU WILL ANSWER
SPECIFIC QUESTIONS. PLEASE TAKE A FEW MINUTES TO
READ THE FORM, AS THE INSTRUCTIONS I AM ABOUT TO

GIVE YOU WILL HELP YOU ANSWER THOSE QUESTIONS.

AS JUDGES OF THE FACTS, IT IS YOUR DUTY TO DETERMINE FROM THE EVIDENCE WHAT ACTUALLY HAPPENED IN THIS CASE, APPLYING THE LAW AS I NOW EXPLAIN IT. YOU MUST CONSIDER MY INSTRUCTIONS AS A WHOLE; DO NOT DISREGARD OR GIVE SPECIAL ATTENTION TO ANY ONE INSTRUCTION; AND DO NOT QUESTION THE WISDOM OF ANY RULE OF LAW OR RULE OF EVIDENCE I STATE. IN OTHER WORDS, DO NOT SUBSTITUTE YOUR OWN NOTION OR OPINION AS TO WHAT THE LAW IS OR OUGHT TO BE.

IF I HAVE REFERRED TO THE FACTS OR THE PARTIES' CONTENTIONS, IT WAS ONLY TO PLACE THE EVIDENCE AND ARGUMENTS IN PERSPECTIVE. IF I ASKED ANY QUESTIONS OF ANY WITNESSES OR OF THE ATTORNEYS, IT WAS TO CLARIFY MATTERS I FELT SHOULD HAVE BEEN CLARIFIED, AND NOT IN ANY WAY TO INDICATE THE COURT'S OPINION ABOUT THE FACTS OR THE TESTIMONY OF THE WITNESS. MY OPINION ABOUT THE FACTS AND THE PARTIES' CONTENTIONS IS NOT  IMPORTANT BECAUSE YOU, AND YOU ALONE, ARE THE SOLE FINDERS OF THE FACTS.

## II.    EVIDENCE.

### WHAT IS EVIDENCE

I HAVE MENTIONED THE WORD "EVIDENCE."  THE "EVIDENCE" IN THIS CASE CONSISTS OF THE TESTIMONY OF WITNESSES, THE DOCUMENTS AND OTHER PHYSICAL ITEMS, IF ANY, RECEIVED AS EXHIBITS, AND ANY FACTS STIPULATED BY THE PARTIES.

### EXHIBITS

COUNSEL FOR THE PLAINTIFFS AND THE DEFENDANT HAVE AGREED TO THE LEGAL ADMISSIBILITY OF VARIOUS EXHIBITS.  THIS MEANS THAT THESE EXHIBITS MEET THE REQUIREMENTS OF THE RULES OF EVIDENCE AND THEREFORE HAVE BEEN ADMITTED FOR YOUR CONSIDERATION. THIS DOES NOT MEAN THAT THE PARTIES AGREE AS TO THE INFERENCES OR CONCLUSIONS THAT YOU SHOULD OR MAY DRAW FROM ANY EXHIBIT.

### WHAT IS NOT EVIDENCE

THE FOLLOWING THINGS ARE NOT EVIDENCE:

1.  STATEMENTS, ARGUMENTS, QUESTIONS AND

COMMENTS BY THE LAWYERS ARE NOT EVIDENCE.

2.  LIKEWISE, OBJECTIONS ARE NOT EVIDENCE. LAWYERS HAVE EVERY RIGHT TO OBJECT WHEN THEY BELIEVE SOMETHING IS IMPROPER.  YOU SHOULD NOT BE INFLUENCED BY THE OBJECTION.  IF I SUSTAINED AN OBJECTION TO A QUESTION, YOU MUST IGNORE THE QUESTION AND MUST NOT TRY TO GUESS WHAT THE ANSWER MIGHT HAVE BEEN.

3.  ANY TESTIMONY THAT I ORDERED STRICKEN FROM THE RECORD, OR TOLD YOU TO DISREGARD, IS NOT EVIDENCE AND YOU MUST NOT CONSIDER ANY SUCH MATTER.

4.  ANYTHING YOU SAW OR HEARD ABOUT THIS CASE OUTSIDE THE COURTROOM IS NOT EVIDENCE. YOU MUST DECIDE THE CASE ONLY ON THE EVIDENCE PRESENTED HERE IN THE COURTROOM.

EVIDENCE, INFERENCES AND COMMON SENSE

WHILE YOU MAY CONSIDER ONLY THE EVIDENCE IN THE CASE IN ARRIVING AT YOUR VERDICT, YOU ARE PERMITTED TO DRAW SUCH REASONABLE INFERENCES FROM THE TESTIMONY AND EXHIBITS YOU FEEL ARE

JUSTIFIED IN THE LIGHT OF YOUR COMMON EXPERIENCE,
REASON AND COMMON SENSE.

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

IN THIS REGARD, YOU MAY CONSIDER EITHER DIRECT
OR CIRCUMSTANTIAL EVIDENCE.  "DIRECT EVIDENCE" IS
THE TESTIMONY OF SOMEONE WHO ASSERTS ACTUAL
KNOWLEDGE OF A FACT, SUCH AS AN EYEWITNESS.
"CIRCUMSTANTIAL EVIDENCE" IS PROOF OF A CHAIN OF
FACTS AND CIRCUMSTANCES FROM WHICH YOU MAY
INFER THAT SOMETHING EITHER DID OR DID NOT HAPPEN.
THE LAW MAKES NO DISTINCTION BETWEEN THE WEIGHT
TO BE GIVEN TO EITHER DIRECT OR CIRCUMSTANTIAL
EVIDENCE.  IT REQUIRES ONLY THAT YOU WEIGH ALL OF
THE EVIDENCE AND BE CONVINCED THAT THE PARTY HAS
MET THE BURDEN OF PROOF BY CLEAR AND CONVINCING
EVIDENCE BEFORE YOU RETURN A VERDICT FOR THAT
PARTY.

## FALSE IN ONE, FALSE IN ALL

IF YOU FIND THAT A WITNESS HAS LIED TO YOU IN ANY
MATERIAL PORTION OF HIS OR HER TESTIMONY, YOU MAY

DISREGARD THAT WITNESS'S TESTIMONY IN ITS ENTIRETY.
I SAY THAT YOU <u>MAY</u> DISREGARD SUCH TESTIMONY, NOT
THAT YOU MUST.  HOWEVER, YOU SHOULD CONSIDER
WHETHER THE UNTRUE PART OF THE TESTIMONY WAS
THE RESULT OF A MISTAKE OR INADVERTENCE, OR WAS,
RATHER, WILLFUL AND STATED WITH A DESIGN OR INTENT
TO DECEIVE.

<u>BIAS AND PREJUDICE</u>

YOU MAY NOT ALLOW BIAS OR PERSONAL FEELINGS
TO INFLUENCE YOUR DETERMINATION.  YOUR DUTY IS TO
DECIDE THE CASE SOLELY ON THE BASIS OF THE
EVIDENCE OR LACK OF EVIDENCE AND THE LAW AS I HAVE
INSTRUCTED YOU, WITHOUT BIAS OR PREJUDICE.  BOTH
THE PARTIES AND THE PUBLIC EXPECT THAT YOU WILL
CAREFULLY AND IMPARTIALLY CONSIDER ALL OF THE
EVIDENCE IN THE CASE, FOLLOW THE LAW AS STATED BY
THE COURT, AND REACH A JUST VERDICT REGARDLESS OF
THE CONSEQUENCES.

<u>EVIDENCE ADMITTED FOR A LIMITED PURPOSE</u>

IN CERTAIN INSTANCES EVIDENCE MAY BE ADMITTED ONLY FOR A PARTICULAR PURPOSE AND NOT GENERALLY FOR ALL PURPOSES.  WHENEVER EVIDENCE WAS ADMITTED FOR A LIMITED PURPOSE, CONSIDER IT ONLY FOR THAT PURPOSE, AND NO OTHER PURPOSE.

<u>NOT REQUIRED TO ACCEPT UNCONTRADICTED TESTIMONY</u>

YOU ARE NOT REQUIRED TO ACCEPT ANY TESTIMONY, EVEN THOUGH THE TESTIMONY IS UNCONTRADICTED AND THE WITNESS IS NOT IMPEACHED.  YOU MAY DECIDE, BECAUSE OF THE WITNESS'S BEARING AND DEMEANOR, BECAUSE OF THE INHERENT IMPROBABILITY OF HIS OR HER TESTIMONY, OR BECAUSE OF OTHER REASONS SUFFICIENT TO YOU, THAT SUCH TESTIMONY IS NOT WORTHY OF BELIEF.

<u>     JURORS' NOTES</u>

YOUR NOTES ARE NOT EVIDENCE IN THE CASE AND MUST NOT TAKE PRECEDENCE OVER YOUR INDEPENDENT RECOLLECTION OF THE EVIDENCE. NOTES ARE ONLY AN AID TO YOUR RECOLLECTION AND ARE NOT ENTITLED TO GREATER WEIGHT THAN YOUR RECOLLECTION OF WHAT THE EVIDENCE ACTUALLY IS. YOU SHOULD NOT DISCLOSE ANY NOTES TAKEN TO ANYONE OTHER THAN A FELLOW JUROR.

YOU WERE NOT OBLIGATED TO TAKE NOTES. IF YOU DID NOT TAKE NOTES YOU SHOULD NOT BE INFLUENCED BY THE NOTES OF ANOTHER JUROR, BUT INSTEAD SHOULD RELY UPON YOUR OWN RECOLLECTION OF THE EVIDENCE.

### III. CREDIBILITY OF WITNESSES/ WEIGHT OF TESTIMONY IN GENERAL.

IN GENERAL

YOU MUST CONSIDER ALL OF THE EVIDENCE, BUT THIS DOES NOT MEAN YOU MUST ACCEPT ALL OF THE EVIDENCE AS TRUE OR ACCURATE.  YOU ARE THE SOLE JUDGES OF THE CREDIBILITY OF THE WITNESSES AND THE WEIGHT THEIR TESTIMONY DESERVES.

YOU MAY BE GUIDED BY THE APPEARANCE AND CONDUCT OF THE WITNESS, BY THE MANNER IN WHICH THE WITNESS TESTIFIES, BY THE CHARACTER OF THE TESTIMONY GIVEN AND BY EVIDENCE OR TESTIMONY TO THE CONTRARY.

YOU SHOULD CAREFULLY SCRUTINIZE ALL THE TESTIMONY GIVEN, THE CIRCUMSTANCES UNDER WHICH EACH WITNESS HAS TESTIFIED, AND EVERY MATTER IN EVIDENCE WHICH TENDS TO SHOW WHETHER A WITNESS IS WORTHY OF BELIEF.  CONSIDER EACH WITNESS'S INTELLIGENCE, MOTIVE, STATE OF MIND, AND DEMEANOR OR MANNER WHILE ON THE STAND.  CONSIDER THE WITNESS'S ABILITY TO HAVE OBSERVED THE MATTERS AS

TO WHICH HE OR SHE HAS TESTIFIED, AND WHETHER HE OR SHE IMPRESSES YOU AS HAVING AN ACCURATE RECOLLECTION OF THESE MATTERS. CONSIDER ANY BUSINESS, PERSONAL OR OTHER RELATIONSHIP A WITNESS MIGHT HAVE WITH EITHER SIDE OF THE CASE; THE MANNER IN WHICH EACH WITNESS MIGHT BE AFFECTED BY THE VERDICT; AND THE EXTENT TO WHICH, IF AT ALL, EACH WITNESS IS EITHER SUPPORTED OR CONTRADICTED BY OTHER EVIDENCE IN THE CASE.

INCONSISTENCIES OR DISCREPANCIES

CONSIDER INCONSISTENCIES OR DISCREPANCIES IN THE TESTIMONY OF A WITNESS OR BETWEEN DIFFERENT WITNESSES, WHICH MAY OR MAY NOT CAUSE YOU TO DISCREDIT SUCH TESTIMONY.  TWO OR MORE PERSONS WITNESSING AN INCIDENT OR A TRANSACTION MAY SEE OR HEAR IT DIFFERENTLY, AND INNOCENT MISRECOLLECTION, LIKE FAILURE OF RECOLLECTION, IS NOT AN UNCOMMON EXPERIENCE.  IN WEIGHING THE EFFECT OF A DISCREPANCY, ALWAYS CONSIDER WHETHER IT PERTAINS TO A MATTER OF IMPORTANCE OR AN UNIMPORTANT DETAIL, AND WHETHER THE

DISCREPANCY RESULTS FROM INNOCENT ERROR OR INTENTIONAL FALSEHOOD.

AFTER MAKING YOUR OWN JUDGMENT, GIVE THE TESTIMONY OF EACH WITNESS THE WEIGHT YOU THINK IT DESERVES. YOU MAY, IN SHORT, ACCEPT OR REJECT THE TESTIMONY OF ANY WITNESS IN WHOLE OR IN PART.

## NUMBER OF WITNESSES NOT IMPORTANT

THE WEIGHT OF THE EVIDENCE IS NOT DETERMINED BY THE NUMBER OF WITNESSES TESTIFYING FOR EITHER SIDE. YOU MAY FIND THAT THE TESTIMONY OF A SMALL NUMBER OF WITNESSES AS TO ANY FACT IS MORE CREDIBLE THAN THAT OF A LARGER NUMBER OF WITNESSES TO THE CONTRARY.

## EXPERT WITNESSES

WHEN A CASE, LIKE THIS CASE, INVOLVES MATTERS THAT REQUIRE SPECIAL KNOWLEDGE, EXPERIENCE, SKILL, OR TRAINING NOT POSSESSED BY THE AVERAGE PERSON, AN EXPERT IS PERMITTED TO PROVIDE INFORMATION AND GIVE OPINIONS IN ORDER TO ASSIST THE COURT AND THE

JURY. THE OPINIONS STATED BY THE EXPERTS IN THIS CASE WERE BASED EITHER UPON PARTICULAR FACTS THAT EACH EXPERT WITNESS OBSERVED, OR UPON FACTS THAT THE ATTORNEY WHO QUESTIONED HIM ASKED HIM TO ASSUME.

AN EXPERT IS ALLOWED TO EXPRESS HIS OR HER OPINION ON SUBJECTS ABOUT WHICH HE OR SHE HAS SPECIAL KNOWLEDGE, EXPERIENCE, SKILL, OR TRAINING. EXPERT TESTIMONY IS PRESENTED TO YOU SO THAT SOMEONE WHO HAS SPECIAL EXPERTISE CAN ASSIST YOU IN UNDERSTANDING AND EVALUATING THE EVIDENCE IN THIS CASE.

MERELY BECAUSE AN EXPERT WITNESS HAS EXPRESSED AN OPINION DOES NOT MEAN THAT YOU MUST ACCEPT THAT OPINION. YOU MUST DETERMINE THE RELIABILITY OF THE EXPERT'S OPINION. YOU MUST EVALUATE THE EXPERT'S OPINION IN LIGHT OF THE OTHER EVIDENCE IN THE CASE. YOU MAY REJECT THE EXPERT'S OPINION IF YOU FIND THE FACTS TO BE DIFFERENT FROM THOSE THAT FORMED THE BASIS FOR HIS OPINION. YOU MAY ALSO REJECT THE EXPERT'S OPINION IF, AFTER CAREFUL CONSIDERATION OF ALL THE EVIDENCE IN THE

CASE, YOU DISAGREE WITH THE EXPERT'S OPINION. IN OTHER WORDS, YOU ARE NOT REQUIRED TO ACCEPT AN EXPERT'S OPINION TO THE EXCLUSION OF THE FACTS AND CIRCUMSTANCES DISCLOSED BY THE OTHER EVIDENCE IN THE CASE.

EXPERT TESTIMONY IS GIVEN TO ASSIST YOU IN REACHING A PROPER CONCLUSION. IN DETERMINING HOW MUCH WEIGHT, IF ANY, TO GIVE TO EXPERT TESTIMONY, YOU MAY CONSIDER THE EXPERT'S QUALIFICATIONS IN THE FIELD. EXPERT TESTIMONY MUST BE CONSIDERED BY YOU, BUT IT IS NOT CONTROLLING UPON YOUR JUDGMENT.

<u>CHARTS AND SUMMARIES</u>

CERTAIN DIAGRAMS, CHARTS AND SUMMARIES HAVE BEEN RECEIVED INTO EVIDENCE TO SUMMARIZE DOCUMENTS OR ILLUSTRATE FACTS BROUGHT OUT IN THE TESTIMONY OF SOME WITNESSES. DIAGRAMS, CHARTS AND SUMMARIES ARE A RECOGNIZED METHOD OF PRESENTING DETAILED INFORMATION IN A VISUAL FORM. YOU SHOULD CONSIDER THE DIAGRAMS, CHARTS OR SUMMARIES LIKE ANY OTHER EVIDENCE IN THE CASE, AND GIVE THEM SUCH WEIGHT AS YOU THINK THE UNDERLYING

EVIDENCE DESERVES.

<u>DEPOSITIONS - USE AS EVIDENCE</u>
CERTAIN TESTIMONY OF WITNESSES HAS BEEN READ
TO YOU BY COUNSEL.  SUCH TESTIMONY WAS GIVEN
UNDER OATH PRIOR TO THIS TRIAL, DURING DEPOSITIONS
OF THE WITNESSES. THIS METHOD IS PERMITTED IN
ORDER TO SIMPLIFY THE PRESENTATION OF THE
EVIDENCE, AND YOU SHOULD NOT REGARD EVIDENCE
PRESENTED IN THIS WAY AS ANY DIFFERENT FROM ANY
OTHER ORAL TESTIMONY. YOU MAY ASSESS THE
CREDIBILITY OF WITNESSES WHO HAVE TESTIFIED BY
DEPOSITION IN THE SAME MANNER AS YOU DO
WITNESSES WHO TESTIFY DIRECTLY IN OPEN COURT.

## IV.  SUBSTANTIVE LAW

<u>INTRODUCTION</u>
AT THE BEGINNING OF THE TRIAL, I GAVE YOU SOME
GENERAL INFORMATION ABOUT PATENTS AND A BRIEF
OVERVIEW OF THE PARTIES' CONTENTIONS.  I WILL NOW
GIVE YOU MORE DETAILED INSTRUCTIONS ABOUT THE
PATENT LAWS THAT SPECIFICALLY RELATE TO THIS CASE

AND THE PARTIES' CONTENTIONS.  A COPY OF THESE
INSTRUCTIONS HAS BEEN PROVIDED TO YOU AND YOU
MAY REVIEW THEM AT ANY TIME DURING YOUR
DELIBERATIONS.

### SUMMARY OF CONTENTIONS

AS I DID AT THE START OF THIS TRIAL, I WILL FIRST
GIVE YOU A SUMMARY OF EACH SIDE'S CONTENTION IN
THIS CASE.  I WILL THEN PROVIDE YOU WITH DETAILED
INSTRUCTIONS ON WHAT EACH SIDE MUST PROVE TO WIN
ON EACH OF ITS CONTENTIONS.

THE PARTIES ARE CNX GAS CORPORATION AND
CONSOL ENERGY, AND THEY ARE THE PLAINTIFFS.  YOU
HAVE HEARD THEM THROUGHOUT THE TRIAL REFERRED
TO AS CONSOL.  THE DEFENDANT IS CDX GAS, WHICH YOU
HAVE HEARD REFERRED TO AS CDX.

CDX OWNS SEVERAL UNITED STATES PATENTS,
WHICH ARE AT ISSUE IN THIS TRIAL.  CONSOL CONTENDS
THAT CDX'S PATENTS ARE INVALID.  CDX CONTENDS THAT
ITS PATENTS ARE VALID.  MORE SPECIFICALLY, CONSOL
CONTENDS THAT CDX'S PATENTS ARE INVALID (A)
BECAUSE THE INVENTION CLAIMED IN THOSE PATENTS

WERE IN PUBLIC USE PRIOR TO NOVEMBER 20, 1997 (I.E.
ONE YEAR BEFORE THE NOVEMBER 20, 1998 FILING DATE
OF THE PATENT APPLICATIONS), AND/OR (B) BECAUSE THE
INVENTION CLAIMED IN THOSE PATENTS WORKED FOR ITS
INTENDED PURPOSE (I.E. HAD BEEN REDUCED TO
PRACTICE) PRIOR TO NOVEMBER 20, 1997.  CDX CONTENDS
THAT ITS PATENTS ARE VALID, BECAUSE CONSOL CANNOT
MEET ITS BURDEN OF SHOWING BY CLEAR AND
CONVINCING EVIDENCE THAT THE PATENTS ARE INVALID,
ARGUING THAT (A) ANY USE OF THE INVENTION CLAIMED IN
ITS PATENTS PRIOR TO NOVEMBER 20, 1997,  WAS
PRIMARILY EXPERIMENTAL, AND (B) SAID INVENTION HAD
NOT WORKED FOR ITS INTENDED PURPOSE (I.E. HAD NOT
BEEN REDUCED TO PRACTICE) PRIOR NOVEMBER 20, 1997.

CLAIM INTERPRETATION

I WILL NOW EXPLAIN TO YOU THE MEANING OF SOME OF
THE WORDS OF THE CLAIMS IN THIS CASE.  IN DOING SO, I
WILL EXPLAIN SOME OF THE REQUIREMENTS OF THE CLAIMS.
YOU MUST ACCEPT MY DEFINITION OF THESE WORDS IN THE
CLAIMS AS CORRECT.  FOR ANY WORDS IN THE CLAIM FOR
WHICH I HAVE NOT PROVIDED YOU WITH A DEFINITION, YOU

16

SHOULD APPLY THEIR PLAIN ENGLISH MEANING.

THE FOLLOWING TERMS MUST BE INTERPRETED AS HAVING THE FOLLOWING MEANINGS:

"INTERCEPTING"/ "INTERSECTING" = "MEETING"

"JUNCTION"= "A PLACE WHERE WELL BORES INTERSECT OR ARE COUPLED"

"DRAINAGE PATTERN"= "DESIGN OF TWO OR MORE WELL BORES FOR ACCESSING A SUBTERRANEAN ZONE FOR DRAINING ENTRAINED FLUID FROM THE ZONE, FOR EXAMPLE, WATER AND/OR METHANE"

"LATERAL BORE(S)"/ "LATERAL WELL BORE(S)"/ "LATERALS" = "HORIZONTAL WELL BORES THAT EXTEND FROM THE SIDE OF A COMMON WELL BORE"

"PROXIMATE" = "IN OR NEAR"

"AN ARTICULATED WELL BORE" = "A WELL BORE WITH TWO OR MORE PORTIONS AND TURNED TOWARD THE PLANE OF THE SUBTERRANEAN ZONE, FOR EXAMPLE A COAL SEAM."


PRESUMPTION OF VALIDITY

THE GRANTING OF A PATENT BY THE PATENT OFFICE CARRIES WITH IT THE PRESUMPTION THAT THE PATENT IS VALID. FROM ISSUANCE OF THE PATENT, IT IS PRESUMED

THAT ITS SUBJECT MATTER IS NEW, USEFUL AND CONSTITUTES AN ADVANCE THAT WAS NOT, AT THE TIME THE INVENTION WAS MADE, OBVIOUS TO ONE OF ORDINARY SKILL IN THE ART. THE LAW PRESUMES, IN THE ABSENCE OF CLEAR AND CONVINCING EVIDENCE TO THE CONTRARY, THAT THE PATENT OFFICE ACTED CORRECTLY IN ISSUING THE PATENT. NEVERTHELESS, ONCE THE VALIDITY OF A PATENT HAS BEEN PUT IN ISSUE, IT IS THE RESPONSIBILITY OF THE JURY TO REVIEW WHAT THE PATENT OFFICE HAS DONE CONSISTENT WITH THESE INSTRUCTIONS ON THE LAW.

THIS PRESUMPTION OF VALIDITY PUTS THE BURDEN OF PROVING INVALIDITY OF CDX'S PATENT CLAIMS ON CONSOL. WHILE THIS PRESUMPTION CAN BE REBUTTED, THE BURDEN IS ON CONSOL TO DO SO BY CLEAR AND CONVINCING EVIDENCE.

<u>BURDEN OF PROOF</u>

I WILL NOW INSTRUCT YOU ON THE RULES YOU MUST FOLLOW IN DECIDING WHETHER OR NOT CONSOL HAS PROVEN THAT CDX'S PATENTS ARE INVALID.

TO PROVE THAT A PATENT IS INVALID, CONSOL MUST PERSUADE YOU BY CLEAR AND CONVINCING EVIDENCE. THAT IS, IN ORDER TO FIND A PATENT INVALID, YOU MUST BE

18

LEFT WITH A CLEAR CONVICTION THAT THE PATENT IS INVALID.

CLEAR AND CONVINCING EVIDENCE IS EVIDENCE THAT PRODUCES AN ABIDING CONVICTION THAT THE TRUTH OF THE FACTUAL CONTENTION IS HIGHLY PROBABLE. CLEAR AND CONVINCING EVIDENCE INVOLVES A HIGHER DEGREE OF PERSUASION THAN IS NECESSARY TO PROVE THAT A FACT IS MORE LIKELY SO THAN NOT SO.

I WILL NOW INSTRUCT YOU ON THE ISSUES THAT YOU HAVE TO DECIDE IN THIS CASE.

PUBLIC USE

CONSOL CONTENDS THAT CDX'S PATENTS ARE INVALID BECAUSE THE INVENTION WAS PUBLICLY USED IN THE UNITED STATES MORE THAN ONE YEAR BEFORE THE INVENTOR, JOE ZUPANICK, FILED HIS FIRST U.S. PATENT APPLICATION ON NOVEMBER 20, 1998.

A PATENT IS INVALID IF THE INVENTION WAS PUBLICLY USED IN THE UNITED STATES MORE THAN ONE YEAR BEFORE THE PATENTEE FILED HIS PATENT APPLICATION. IN THIS CASE, MR. ZUPANICK'S FIRST PATENT APPLICATION WAS FILED ON NOVEMBER 20, 1998, SO THE RELEVANT DATE FOR

DETERMINING PRIOR USE IS ONE YEAR PRIOR TO THAT DATE, NOVEMBER 20, 1997.

AN INVENTION IS PUBLICLY USED IF IT IS USED BY THE INVENTOR OR BY A PERSON NOT UNDER THE DIRECTION OF THE INVENTOR, WHO IS NOT UNDER ANY LIMITATION, RESTRICTION, OR OBLIGATION OF SECRECY TO THE INVENTOR.

<u>EXPERIMENTAL USE</u>

THE PUBLIC USE BY THE INVENTOR OR PATENT OWNER OF THE INVENTION WILL NOT INVALIDATE A PATENT, EVEN IF IT WAS MORE THAN ONE YEAR BEFORE THE FILING OF THE PATENT APPLICATION, IF THE PUBLIC USE WAS FOR EXPERIMENTAL RATHER THAN COMMERCIAL PURPOSES.

IN ORDER TO QUALIFY AS EXPERIMENTATION, THE PUBLIC USE MUST BE BY, OR FOR THE BENEFIT OF, THE PATENT OWNER OR INVENTOR, AND MUST RELATE TO THE CLAIMED FEATURES OF THE INVENTION. IT MUST ALSO BE FOR THE PURPOSES OF TECHNOLOGICAL DEVELOPMENT, NOT COMMERCIAL GAIN. ANY COMMERCIAL GAIN THAT DOES OCCUR MUST BE MERELY INCIDENTAL TO THE PRIMARY PURPOSE OF EXPERIMENTATION.

IN THIS CASE, CDX ASSERTS THAT ANY USE OF THE DUAL WELL SYSTEMS CLAIMED IN ITS PATENTS PRIOR TO NOVEMBER 20, 1997 WAS EXPERIMENTAL AND, THEREFORE, DOES NOT INVALIDATE CDX'S PATENTS. THE TEST FOR WHETHER PRE-CRITICAL DATE USE OF AN INVENTION RENDERS A PATENT INVALID INVOLVES AN ASSESSMENT OF WHETHER THE CIRCUMSTANCES SURROUNDING THE USE ESTABLISH THAT IT WAS PRIMARILY FOR PURPOSES OF EXPERIMENTATION.

THE FOLLOWING FACTORS MAY BE CONSIDERED IN DETERMINING WHETHER A USE WAS PRIMARILY EXPERIMENTAL:

1.      SECRECY
2.      THE DEGREE OF COMMERCIAL EXPLOITATION
3.      THE NECESSITY FOR PUBLIC TESTING (E.G. WHETHER THE NATURE OF THE INVENTION WAS SUCH THAT THE INVENTOR WAS REASONABLY REQUIRED TO CONDUCT TESTING IN PUBLIC, SUCH AS IN AN OUTDOOR ENVIRONMENT, AS OPPOSED TO INDOORS, OR IN A LABORATORY);
4.      THE AMOUNT OF CONTROL OVER THE EXPERIMENT RETAINED BY THE INVENTOR;
5.      THE NATURE OF THE INVENTION (E.G. WHETHER THE NATURE AND COMPLEXITY OF THE INVENTION

WAS SUCH THAT IT REQUIRED TESTING);

     6.     THE REASONABLENESS OF THE LENGTH OF THE TEST PERIOD;

     7.     WHETHER PAYMENT WAS MADE FOR THE INVENTION DURING TESTING;

     8.     WHETHER RECORDS OF THE EXPERIMENT WERE KEPT;

     9.     WHO CONDUCTED THE EXPERIMENT (E.G. THE INVENTOR OR SOMEONE UNDER THE INVENTOR'S CONTROL, AS OPPOSED TO A THIRD PARTY NOT UNDER THE INVENTOR'S CONTROL);

     10.     WHETHER THE INVENTION REASONABLY REQUIRES EVALUATION UNDER ACTUAL CONDITIONS OF USE;

     11.     WHETHER TESTING WAS SYSTEMATICALLY PERFORMED;

     12.     WHETHER THE INVENTOR CONTINUALLY MONITORED THE INVENTION DURING TESTING; AND

     13.     THE NATURE OF THE CONTACTS MADE WITH POTENTIAL CUSTOMERS.


## REDUCTION TO PRACTICE

AN INVENTION BEGINS WITH AN IDEA. THIS REQUIRES THE FORMATION OF A DEFINITE AND FIXED IDEA OF THE COMPLETE AND OPERATIVE INVENTION WHICH WILL LATER BE REDUCED TO PRACTICE. THE INVENTOR MAY TEST THIS CONCEPTION BY BUILDING ONE OR MORE PROTOTYPES.

REDUCTION TO PRACTICE IS ACHIEVED ONLY WHEN THE INVENTION WORKS FOR ITS INTENDED PURPOSE IN ITS INTENDED ENVIRONMENT. THE REDUCTION TO PRACTICE OF THE INVENTION THUS INCLUDES NOT ONLY THE BUILDING OF SUCH A PROTOTYPE OR PROTOTYPES, BUT ALSO SUFFICIENT TESTING OR EXPERIMENTATION TO DEMONSTRATE THAT THE INVENTION WORKS FOR ITS INTENDED PURPOSE. THE EXPERIMENTAL USE DOCTRINE OPERATES TO ALLOW THE INVENTOR TO REFINE HIS INVENTION OR TO ASSESS ITS VALUE RELATIVE TO THE TIME AND EXPENSE OF PROSECUTING A PATENT APPLICATION.

ONCE AN INVENTION HAS BEEN REDUCED TO PRACTICE, IT CAN NO LONGER MEET THE EXPERIMENTAL USE EXCEPTION. THAT IS, "EXPERIMENTAL USE" ENDS ONCE THE CLAIMED INVENTION HAS BEEN REDUCED TO PRACTICE. THE INVENTION IS "REDUCED TO PRACTICE" WHEN IT IS SUFFICIENTLY DEVELOPED TO SHOW THAT IT WOULD WORK FOR ITS INTENDED PURPOSE.

AFTER AN INVENTION HAS BEEN SHOWN TO WORK FOR ITS INTENDED PURPOSE, FURTHER REFINEMENTS, MODIFICATIONS, OR IMPROVEMENTS DO NOT CONSTITUTE EXPERIMENTAL USE.

WHETHER THE INVENTION WORKED FOR ITS INTENDED PURPOSE IS AN OBJECTIVE INQUIRY NOT DETERMINED BY THE INVENTOR'S SUBJECTIVE BELIEFS. THAT IS, YOU ARE TO LOOK TO THE OBJECTIVE EVIDENCE TO DETERMINE WHETHER THE INVENTION WORKED FOR ITS INTENDED PURPOSE, NOT THE SUBJECTIVE BELIEF OR INTENT OF THE INVENTOR. OBJECTIVE EVIDENCE THAT SHOWS THE INVENTION WORKED FOR ITS INTENDED PURPOSE CANNOT BE NEGATED BY THE INVENTOR'S SUBJECTIVE BELIEF OR INTENT TO THE CONTRARY.

IF YOU FIND THAT PRIOR TO THE CRITICAL DATE THE INVENTION WORKED FOR ITS INTENDED PURPOSE, THEN CDX'S PATENTS ARE INVALID. IF YOU FIND THAT THE INVENTION DID NOT WORK FOR ITS INTENDED PURPOSE UNTIL AFTER THE CRITICAL DATE, THEN CDX'S PATENTS ARE VALID.

## V.   PROCESS OF JURY DELIBERATION

YOUR VERDICT MUST REPRESENT THE CONSIDERED JUDGMENT OF EACH JUROR. IN ORDER TO RETURN A VERDICT, IT IS NECESSARY THAT EACH JUROR AGREE. IN OTHER WORDS, YOUR VERDICT MUST BE UNANIMOUS.

IT IS YOUR DUTY AS JURORS TO CONSULT WITH ONE ANOTHER AND TO DELIBERATE WITH A VIEW TO REACHING AN AGREEMENT, IF YOU CAN DO SO, WITHOUT VIOLATION TO INDIVIDUAL JUDGMENT.  EACH OF YOU MUST DECIDE THE CASE FOR YOURSELF, BUT ONLY AFTER AN IMPARTIAL CONSIDERATION OF ALL THE EVIDENCE IN THE CASE WITH YOUR FELLOW JURORS.  IN THE COURSE OF YOUR DELIBERATIONS, DO NOT HESITATE TO RE-EXAMINE YOUR OWN VIEWS, AND CHANGE YOUR OPINION, IF CONVINCED IT IS ERRONEOUS.  BUT DO NOT SURRENDER YOUR HONEST CONVICTION AS TO THE WEIGHT OR EFFECT OF THE EVIDENCE, SOLELY BECAUSE OF THE OPINION OF YOUR FELLOW JURORS, OR FOR THE MERE PURPOSE OF RETURNING A VERDICT.

REMEMBER AT ALL TIMES YOU ARE NOT PARTISANS. YOU ARE JUDGES -- JUDGES OF THE FACTS.  YOUR SOLE INTEREST IS TO SEEK THE TRUTH FROM THE EVIDENCE IN THE CASE.

UPON RETIRING TO THE JURY ROOM YOU SHOULD FIRST SELECT ONE OF YOUR NUMBER TO ACT AS YOUR FOREPERSON WHO WILL PRESIDE OVER YOUR DELIBERATIONS AND WILL BE YOUR SPOKESPERSON HERE

IN COURT. YOU CAN MAKE THIS SELECTION AND CONDUCT YOUR DELIBERATIONS IN WHATEVER MANNER YOU THINK BEST, BUT I OFFER SOME SUGGESTIONS THAT OTHER JURIES HAVE FOUND HELPFUL TO ALLOW FULL PARTICIPATION BY ALL JURORS AND TO ARRIVE AT A VERDICT THAT SATISFIES EVERYONE.

THE FOREPERSON SHOULD ENCOURAGE OPEN COMMUNICATION, COOPERATION AND PARTICIPATION BY ALL JURORS, AND BE WILLING AND ABLE TO FACILITATE DISCUSSIONS WHEN DISAGREEMENTS AND DISPUTES ARISE. THE FOREPERSON SHOULD LET EACH OF YOU SPEAK AND BE HEARD BEFORE EXPRESSING HER OR HIS VIEWS.
THE FOREPERSON SHOULD NEVER ATTEMPT TO PROMOTE OR PERMIT ANYONE ELSE TO PROMOTE HIS OR HER PERSONAL OPINIONS BY COERCION OR BULLYING.

THE FOREPERSON SHOULD MAKE SURE THAT DELIBERATIONS ARE NOT RUSHED.

SOME PEOPLE ARE BETTER AT FACILITATING THAN OTHERS, AND IF IT BECOMES CLEAR THAT SOMEONE ELSE WOULD BE A MORE EFFECTIVE FOREPERSON, YOU MIGHT WANT TO CONSIDER SELECTING A DIFFERENT PERSON, WITH NO HARD FEELINGS.

YOU ALSO MAY THINK IT WISE TO SELECT A SECRETARY TO RECORD VOTES, WHICH SHOULD PROBABLY BE CAST BY SECRET BALLOT, AND TO KEEP TRACK OF WHETHER EVERYONE HAS SPOKEN.

SOME JURIES THINK IT WILL BE USEFUL TO TAKE A PRELIMINARY VOTE BEFORE DISCUSSIONS ARE STARTED, BUT THAT HAS NOT BEEN THE EXPERIENCE AROUND HERE. SUCH AN EARLY VOTE OFTEN PROVES COUNTER-PRODUCTIVE FOR SEVERAL REASONS, INCLUDING THAT IT TENDS TO "LOCK-IN" A PARTICULAR POINT OF VIEW BEFORE ALTERNATIVE POINTS OF VIEW ARE COVERED.

YOU SHOULD LISTEN CAREFULLY AND ATTENTIVELY TO EACH OTHER, AND HEAR WHAT EACH OTHER PERSON IS SAYING BEFORE RESPONDING. DON'T INTERRUPT AND DON'T MONOPOLIZE THE DISCUSSION. SPEAK ONE AT A TIME. BE PATIENT AND RESPECTFUL OF OTHER OPINIONS, AND DON'T TAKE IT PERSONALLY IF SOMEONE DISAGREES WITH YOU.

A VERDICT FORM HAS BEEN PREPARED FOR YOU, AND YOU HAVE REVIEWED A COPY. YOU WILL TAKE THE ORIGINAL VERDICT FORM TO THE JURY ROOM AND WHEN YOU HAVE REACHED A UNANIMOUS AGREEMENT AS TO YOUR VERDICT, YOU WILL EACH SIGN IT, HAVE YOUR FOREPERSON DATE IT,

AND THEN SIGNAL THE BAILIFF THAT YOU ARE PREPARED TO RETURN TO THE COURTROOM.

YOU WILL ALSO BE PROVIDED WITH COPIES OF THESE INSTRUCTIONS FOR YOUR USE DURING DELIBERATIONS. IF, DURING YOUR DELIBERATIONS, YOU SHOULD DESIRE TO COMMUNICATE WITH THE COURT, PLEASE REDUCE YOUR MESSAGE OR QUESTION TO WRITING SIGNED BY THE FOREPERSON, AND PASS THE NOTE TO THE BAILIFF WHO WILL BRING IT TO MY ATTENTION. AFTER CONSULTING WITH THE LAWYERS, I WILL THEN RESPOND AS PROMPTLY AS POSSIBLE, EITHER IN WRITING OR BY HAVING YOU RETURNED TO THE COURTROOM SO THAT I CAN ADDRESS YOU ORALLY. I CAUTION YOU, HOWEVER, WITH REGARD TO ANY MESSAGE OR QUESTION YOU MIGHT SEND, THAT YOU SHOULD NEVER STATE OR SPECIFY YOUR NUMERICAL DIVISION AT THE TIME.

IT IS PROPER TO ADD THE CAUTION THAT NOTHING SAID IN THESE INSTRUCTIONS AND NOTHING IN ANY FORM OF VERDICT PREPARED FOR YOUR CONVENIENCE IS MEANT TO SUGGEST OR HINT IN ANY WAY WHAT VERDICT I THINK YOU SHOULD FIND. WHAT THE VERDICT SHALL BE IS YOUR SOLE AND EXCLUSIVE DUTY AND RESPONSIBILITY.

YOU WILL NOTE FROM THE OATH ABOUT TO BE TAKEN BY THE BAILIFF THAT HE TOO, AS WELL AS ALL OTHER PERSONS, ARE FORBIDDEN TO COMMUNICATE IN ANY WAY OR MANNER WITH ANY MEMBER OF THE JURY ON ANY SUBJECT TOUCHING THE MERITS OF THE CASE.

ASK COUNSEL IF THERE ARE ANY OBJECTIONS TO THE FINAL JURY INSTRUCTIONS THAT HAVE NOT ALREADY BEEN PLACED ON THE RECORD.

[SWEAR BAILIFF AND SEND JURY OUT]